B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Maryland | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Thornburg Mortgage, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**85-0404134** | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**111 South Calvert Street, Suite 1400**<br>**Baltimore, MD 21202**<br><br>ZIP CODE **21202-0000** | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Baltimore City** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**2300 North Ridgetop Road**<br>**Santa Fe, NM 87506**<br><br>ZIP CODE **87506-0000** | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [X] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [X] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [X] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [X] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [X] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [X] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**   THIS SPACE IS FOR COURT USE ONLY
- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |

**B1 (Official Form 1) (1/08)** Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Thornburg Mortgage, Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor:<br>**See Attachment** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)         Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
*(Check any applicable box)*

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))..

**B1 (Official Form 1) (1/08)** Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Thornburg Mortgage, Inc.** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Debtor X _____ Signature of Joint Debtor _____ Telephone Number (If not represented by attorney) _____ Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. X _____ Signature of Foreign Representative _____ Printed Name of Foreign Representative _____ Date |
| **Signature of Attorney*** X */s/ Gregory A. Cross* Signature of Attorney for Debtor(s) **Gregory A. Cross, Esq. (Federal Bar No. 04571-G)** Printed Name of Attorney for Debtor(s) **Venable LLP** Firm Name **750 E. Pratt Street, Suite 900** **Baltimore, MD 21202** Address **410.244.7400  Fax:410.244.7742** Telephone Number **May 1, 2009** Date *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer** I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached. _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) _____ Address X _____ _____ Date Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above. Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both  11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. X */s/ Clarence G. Simmons, III* Signature of Authorized Individual **Clarence G. Simmons, III** Printed Name of Authorized Individual **Senior Executive V.P., Chief Financial Officer** Title of Authorized Individual **May 1, 2009** Date | |

In re **Thornburg Mortgage, Inc.**                                              Case No. _____
                                         Debtor(s)

# FORM 1. VOLUNTARY PETITION

## Pending Bankruptcy Cases Filed Attachment

      Each of the affiliated entities listed below has also filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland.  Such entities shortly will file a motion requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Name of Debtor / District | Case No. / Relationship | Date Filed / Judge |
|---|---|---|
| **ADFITECH, Inc.** <br> **District of Maryland** | **Affiliate** | **May 1, 2009** |
| **Thornburg Acquisition Subsidiary, Inc.** <br> **District of Maryland** | **Affiliate** | **May 1, 2009** |
| **Thornburg Mortgage Hedging Strategies, Inc.** <br> **District of Maryland** | **Affiliate** | **May 1, 2009** |
| **Thornburg Mortgage Home Loans, Inc.** <br> **District of Maryland** | **Affiliate** | **May 1, 2009** |

      Each debtor in these chapter 11 cases reserves all rights under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the applicable local rules to amend its respective voluntary petition and any related lists, exhibits, schedules or statements at any time during these chapter 11 cases as each may deem necessary or appropriate.

CERTIFIED COPY OF RESOLUTIONS

OF

THORNBURG MORTGAGE, INC.

The undersigned, Clarence G. Simmons, III, the duly appointed and acting Secretary of Thornburg Mortgage, Inc., a Maryland corporation (the "Company"), does hereby certify that the following is a true and correct copy of resolutions that were duly adopted by the Board of Directors of the Company (the "Board") at a properly convened meeting of the Board held on April 28, 2009, in accordance with Maryland General Corporation Law and the charter and the bylaws of the Company.  Said resolutions have not been in any manner amended, annulled, rescinded or revoked and are still in force and effect:

WHEREAS, the Board of Directors (the "Board of Directors") of Thornburg Mortgage, Inc., a Maryland corporation (the "Company"), has reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company.

I. **Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

NOW, THEREFORE, BE IT RESOLVED, that the Board of Directors has determined it to be in the best interests of the Company, its creditors and stockholders that the Company file or cause to be filed a voluntary petition (the "Petition") for relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland, and the same is hereby authorized and approved; and it is

FURTHER RESOLVED, that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized to prepare, execute and verify the Petition in such form as the officer executing the same shall deem appropriate and as required by law and to file such petition in the appropriate court together with such statements, schedules, exhibits and reports as may be required from time to time by the Bankruptcy Court, the bankruptcy rules or order of court, and to prepare and execute all other petitions, schedules, lists, motions, papers or documents, and to take all other

actions necessary or appropriate in connection with the Company's Chapter 11 bankruptcy case, or any superseding or other bankruptcy case, the operation by the Company of its business as debtor-in-possession, the development and consummation of a Chapter 11 plan, and any other proceedings or matters arising therein or related thereto, all in such form as the Authorized Officers, acting jointly or individually, shall approve, such approval to be conclusively evidenced by the execution and delivery of such papers or taking of such action; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized to retain the services of the law firm of Venable LLP as counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Venable LLP; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized to retain the services of the law firm of Orrick, Herrington & Sutcliffe LLP as special counsel with respect to ongoing corporate matters and such other matters as to which their services may be needed; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Orrick, Herrington & Sutcliffe LLP; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized to retain the services of the firm of KPMG LLP as accountants and tax consultants to the Company; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of KPMG LLP; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized to retain the services of the firm of Houlihan Lokey Howard & Zukin, Inc. as an investment banker to the Company in connection with the sale of ADFITECH, Inc., the Company's indirect subsidiary, and such other matters as to which its services may be needed; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey Howard & Zukin, Inc.; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized to retain the services of the firm of Protiviti Inc. as a financial advisor to the Company to provide among other things bankruptcy, financial and winddown support services; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Protiviti Inc.; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized to retain the services of the firm of Epiq Systems, Inc. as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Epiq Systems, Inc.; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized to retain the services of any other attorneys, investment bankers, accountants and other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## II.   Authorization of Filing by Subsidiaries

NOW, THEREFORE, BE IT RESOLVED, that, in connection with the commencement of the Chapter 11 case by the Company, the Company, in its own capacity or in its capacity as a stockholder, member or manager of any subsidiary of the Company, is authorized to take all actions that any Authorized Officer of the Company may determine to be necessary or advisable to cause as appropriate each such subsidiary of the Company to file a voluntary petition (each, a "Subsidiary Petition") for relief under the provisions of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland; and it is

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized, in the name and on behalf of the Company, in its own capacity or in its capacity as a stockholder, member or manager of any subsidiary of the Company, to take any action as such officer shall deem appropriate and as required by law in connection with the filing of any Subsidiary Petition, and to prepare and execute all other petitions, schedules, lists, motions, papers, agreements, certificates, instruments or other documents, and to take all other actions necessary or appropriate in connection with any such subsidiary's Chapter 11 bankruptcy case, or any superseding or other bankruptcy case, the orderly liquidation of any such subsidiary's assets, and any other proceedings or matters arising therein or related thereto, all in such form as the Authorized Officers, acting jointly or individually, shall approve, such approval to be conclusively evidenced by the execution and delivery of such papers or taking of such action.

## III.   Further Actions and Prior Actions

NOW, THEREFORE, BE IT RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall

be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were adopted, are hereby in all respects approved and ratified; and it is

FURTHER RESOLVED, that the officers of the Company are each, individually, authorized to certify a copy of these resolutions or some or all of these resolutions.

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the undersigned has executed this certificate on this 28th day of April, 2009.

*/s/ Clarence G. Simmons, III*
Clarence G. Simmons III, Secretary

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| THORNBURG MORTGAGE, INC., | ) Case No. 09 -_____ (____) |
|  | ) |
| Debtor. | ) |
|  | ) |

## EXHIBIT A TO VOLUNTARY PETITION[1]

1. The equity securities of the above-captioned debtor (the "Debtor") are registered under Section 12 of the Securities Exchange Act of 1934. The Securities Exchange Commission file number is 1-11914.

2. The following financial data (unaudited) is the latest available information and refers to the Debtor's condition, consolidated with its affiliates in these bankruptcy cases and non-debtor affiliates, as of January 31, 2009[2]:

   (a) Total Assets:      $24.4 billion

   (b) Total Debts:       $24.7 billion

   (c) Please see Annex 1 attached hereto for a listing of the debt securities of the Debtor held by more than 500 holders.

   (d) Please see Annex 1 attached hereto for a listing of the shares of preferred stock.

---

[1] The following financial data shall not constitute an admission of any kind by the Debtor (as defined herein). The Debtor reserves all rights to assert that any debt or claim listed herein as liquidated or fixed is in fact a disputed claim or debt. The Debtor also reserves all rights to challenge the priority, nature, amount or status of any claim or debt.

[2] The Total Assets and Total Debts in items 2(a) and 2(b), prepared on a going concern basis excluding any quarterly adjustments, include, in accordance with Generally Accepted Accounting Principles, assets and debts associated with non-debtor securitization trusts approximating $19.7 billion and $19.3 billion as of January 31, 2009. The assets and debts outside of the trusts, therefore, approximated $4.7 billion and $5.4 billion, respectively. In April 2009, various override creditors took possession of assets held outside the securitization trusts which were valued at approximately $4.4 billion as of January 31, 2009 (not including certain Interest Only MBS that were not included on the balance sheet).

2

        (e)        Please see Annex 1 attached hereto for a listing of the shares of common stock.

3.        Brief description of the Debtor's business:  The Debtor is a Maryland corporation that conducts its operations as a real estate investment trust (a "REIT") for federal income tax purposes.

4.        The following persons or entities, as of April 30, 2009, directly or indirectly owned, controlled, or held, with power to vote, 5% or more of the voting securities of the Debtor:  EJF Capital LLC.

BA3DOCS1/417757

ANNEX 1

### Debt Securities Held by More Than 500 Holders

| Name | Face Value | Estimated Balance | Estimated Holders | Attributes |
|---|---|---|---|---|
| Senior notes (8%) | $302 million | $304,612,060 | Unknown | Unsecured |
| Senior subordinated notes (12%) | $1.3 billion | $1,334,176,371 | Unknown | Unsecured, Subordinated |
| CUSIP 885218AE7 | | $15,093,420 | Unknown | |
| CUSIP 885218AG2 | | $65,205,531 | Unknown | |
| CUSIP 885218AJ6 | | $55,965,336 | Unknown | |
| CUSIP 885218AH0 | | $622,522,875 | Unknown | |
| Physical certificates | | $573,099,033 | Unknown | |
| Other/Unlocated | | $2,290,176 | Unknown | |
| Junior notes | $214 million | $213,782,908 | Unknown | Unsecured, Subordinated |

### Number of Shares of Preferred Stock

| Type | Shares | Estimated Holders |
|---|---|---|
| Preferred | 1,897,112 | Unknown |
| Series C | 690,256 | Unknown |
| Series D | 353,444 | Unknown |
| Series E | 249,390 | Unknown |
| Series F | 604,022 | Unknown |
| Common | 388,110,777 | Unknown |

BA3DOCS/417742