

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THORNBURG MORTGAGE, INC., *et al.*,[1] | ) | Case No. 09 -17787 (DWK) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### CONSENT ORDER GRANTING APPLICATION FOR AUTHORITY TO RETAIN HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT BANKER FOR ADFITECH SALE

Upon consideration of the Application for Authority to Retain Houlihan Lokey Howard & Zukin Capital, Inc. as Investment Banker for Adfitech Sale [Docket No. 37] (the "Application"), filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), the Court having reviewed the Application, the Engagement Letter dated March 16, 2009 (the "Engagement Letter"), the Affidavit of Bradley Jordan (the "Jordan Affidavit") and the Objection thereto filed by the United States Trustee [Docket No. 120] (the "Objection"), said Objection having been resolved by the terms of this Consent Order as evidenced by the signature of counsel to the United States Trustee on this Consent Order, and the

---

[1] The Debtors in these chapter 11 cases are (i) Thornburg Mortgage, Inc., (ii) ADFITECH, Inc., (iii) Thornburg Acquisition Subsidiary, Inc., (iv) Thornburg Mortgage Home Loans, Inc., and (v) Thornburg Mortgage Hedging Strategies, Inc.

Court further noting that the Official Committee of Unsecured Creditors has consented to the amended terms of the engagement of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") as reflected in this Order as evidenced by the signature of its counsel, finds that: (i) jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 1334 and 157; (ii) notice of the Application and the Hearing was sufficient under the circumstances; (iii) Houlihan Lokey is a "disinterested person" pursuant to section 101(14) of title 11 of the United States Code (the "Bankruptcy Code"); and (iv) the legal and factual bases set forth in the relevant documents and statements (listed above) establish just cause for the relief granted herein.

Based on the foregoing, it is, by the United States Bankruptcy Court for the District of Maryland, HEREBY ORDERED THAT:

1. The Application is granted.

2. That Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

3. The Debtors and Debtors in Possession in the above-captioned cases (collectively, the "Debtors") are authorized to employ and retain Houlihan Lokey as their investment banker with respect to sale of ADFITECH, Inc. and/or its assets at the expense of this chapter 11 estate, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, as well as rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on the terms set forth in the Application and the Engagement Letter as amended by the revised engagement terms attached hereto as Exhibit A (collectively, the "Amended Engagement Letter"), effective as of the Petition Date.

4. The terms of the Amended Engagement Letter are "reasonable" as such term is used in section 328(a) of the Bankruptcy Code.

5. Houlihan Lokey shall be compensated and reimbursed in accordance with the terms of the Amended Engagement Letter, and all compensation and reimbursement of expenses to be paid to Houlihan Lokey, including without limitation the Initial Fee, the Monthly Fees, and the Transaction Fee(s), shall be subject to the standard review provided in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review, including under section 330 of the Bankruptcy Code; provided, however, that notwithstanding any provision of the Amended Engagement Letter to the contrary, Houlihan Lokey shall file a final application for approval of its compensation and reimbursement of expenses including its Transaction Fee and all compensation, fees and expense reimbursement to Houlihan Lokey shall be subject to Court approval.

6. Except as otherwise set forth herein, Houlihan Lokey's fees and expenses shall be paid in the amounts, at the times, and in the manner described in the Amended Engagement Letter, subject however to final Court approval.

7. Houlihan Lokey shall be excused from maintaining time records in connection with the services to be rendered pursuant to the Amended Engagement Letter.

8. For so long as this case remains pending, all requests of Houlihan Lokey for payment of indemnity pursuant to the indemnification provisions of the Amended Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Amended Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Houlihan Lokey be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

9. Notwithstanding any provision of the Amended Engagement Letter or the Application to the contrary, the Debtors shall have no obligation to indemnify Houlihan Lokey, or any other Indemnified Parties, or to provide contribution or reimbursement to Houlihan Lokey, or any other Indemnified Parties, for any losses, claims, damages, liabilities, or expenses that are (i) judicially determined (the determination having become final) to have arisen from Houlihan Lokey's or such Indemnified Party's bad faith, gross negligence or willful misconduct, breach of loyalty or material breach of the Amended Engagement Letter, or (ii) settled prior to a judicial determination as to Houlihan Lokey's or such Indemnified Party's bad faith, gross negligence or willful misconduct, breach of loyalty or material breach of the Amended Engagement Letter, but determined by this Court, after notice and a hearing, to be a claim or expense for which Houlihan Lokey or such other Indemnified Party should not receive indemnity, contribution, or reimbursement under the Amended Engagement Letter, as modified herein.

10. To the extent that this Order is inconsistent with the Amended Engagement Letter, this Order shall govern.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Any disputes or litigation regarding, arising from or relating to the engagement of Houlihan Lokey by the Debtors or any of the terms of the Amended Engagement Letter or this Order shall be brought exclusively in this Court. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

- 5 -

**Consented and Agreed to, June 4, 2009:**


 /s/ Hugh M. Bernstein
Mark A. Neal, Esq.
Hugh M. Bernstein, Esq.
Office of the United States Trustee
*Attorneys for W. Clarkson McDow, Jr.,*
*United States Trustee, Region Four*



 /s/ Richard L. Wasserman
Richard L. Wasserman, Bar No. 02784
David E. Rice, Bar No. 04942
Gregory A. Cross, Bar No. 04571
Venable LLP
*Attorneys for Debtors and Debtors-in-Possession*



 /s/ Alan M. Grochal
Alan M. Grochal, Bar No. 01447
Tydings & Rosenberg LLP
*Local Counsel for The Official Committee of Unsecured Creditors*


 /s/ James Tecce
Daniel Holzman, Esq.
James Tecce, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
*Attorneys for The Official Committee of Unsecured Creditors, Admitted Pro Hac Vice*


 /s/ Bradley Jordan
Bradley J. Jordan
James P. Murray
Houlihan Lokey Howard & Zukin Capital, Inc.


**Certification of Signatures**

   I HEREBY CERTIFY that the terms of this Consent Order submitted to the Court are

identical to those set forth in the original Consent Order, and that the signatures represented by

- 6 -

the  __/s/__   on this Consent Order reference the signatures of the consenting parties on the original Consent Order.

                                        _/s/ Richard L. Wasserman_
                                        Richard L. Wasserman

cc:       Parties on Service List

                             **End of Order**

Exhibit A

1. The following provisions replace paragraphs 3(i), (ii) and (iii) of the Engagement Letter:

a. *Initial Fee*. In addition to the other fees provided for in the Engagement Letter, upon the date of the Engagement Letter, the Debtors paid to Houlihan Lokey a nonrefundable cash fee of $500,000, which was earned on the date of the Engagement Letter in consideration of Houlihan Lokey accepting the employment (the "Initial Fee").

b. *Monthly Fees*: In addition to the other fees provided for in the Engagement Letter, upon the first monthly anniversary of the effective date of the engagement, the Debtors paid Houlihan Lokey, upon invoice, an initial monthly cash fee of $350,000 (the "First Monthly Fee"), and for each month thereafter the Debtors shall pay Houlihan Lokey a cash fee of $100,000 per month during Houlihan Lokey's engagement (the "Subsequent Monthly Fees" and together with the First Monthly Fee, (the "Monthly Fees"). The First Monthly Fee was paid April 16, 2009. Thereafter each Subsequent Monthly Fee shall be paid on the 16th of each month upon invoice. Each Monthly Fee shall be earned upon Houlihan Lokey's receipt thereof. Notwithstanding any termination of the Agreement, the Debtors have agreed to pay Houlihan Lokey the Monthly Fees for a minimum of three months. In addition, (i) 50% of the First Monthly Fee shall be credited against the Transaction Fee (as defined below) and (ii) 100% of all Subsequent Monthly Fees shall be credited against the Transaction Fee.

c. *Transaction Fee*: In addition to the other fees provided for in the Engagement Letter, the Company shall pay Houlihan Lokey one transaction fee in the amount specified below if the specified conditions are met (such fee, as applicable, the "Transaction Fee"):

If there is a signed asset purchase for the sale of the assets of ADFITECH, Inc. with a bona fide third party purchaser, which contains no financing or due diligence conditions and is not otherwise unreasonably conditioned, has a reasonable certainty of being able to be consummated, and provides a net purchase price (inclusive of the gross amount of cash) of at least $15 million (a "Qualifying APA"), then Houlihan Lokey will be entitled to a minimum Transaction Fee of $750,000. If there is no Qualifying APA, then Houlihan Lokey will not be entitled to any Transaction Fee. If the Official Committee of Unsecured Creditors of the Debtors (the "Committee") supports the Debtors' entering into a Qualifying APA that is consummated, Houlihan Lokey shall earn, and the Debtors shall thereupon pay immediately and directly from the net proceeds of such sale a Transaction Fee equal to $750,000 plus (i) 5% of the net proceeds between $15 million and $20 million, and (ii) 10% of the amount of any net proceeds in excess of $20 million (collectively, the "Applicable Percentages") whether or not there is an auction. If after receipt by the Debtors of a Qualifying APA the Committee notifies the Debtors prior to an auction that it does not support a sale pursuant to a Qualifying APA, Houlihan Lokey shall be entitled to a Transaction Fee of $750,000 on the date of confirmation of a plan of liquidation or reorganization under chapter 11 of the Bankruptcy Code that is supported by the Committee and confirmed by the Bankruptcy Court (a "Confirmed Plan"). If the Committee notifies the Debtors following an auction but prior to consummation of a sale that it does not support the sale to the winning bidder at such auction that entered into a

- 2 -

        Qualifying APA, Houlihan Lokey shall be entitled to a Transaction Fee based on the Applicable Percentages, as applied to such winning bid, on the date of a Confirmed Plan.

d.    *Miscellaneous Expenses*: Houlihan Lokey will also seek reimbursement for reasonable out-of-pocket expenses incurred in connection with this engagement.

2.    The following new sentence is added to paragraph 4 of the Engagement Letter:

> This Agreement shall expire on the date that is six (6) months after the date of entry of the Order approving the retention of Houlihan Lokey as investment banker for the Adfitech sale, unless the term of this Agreement is extended in a writing signed by counsel for the Debtors and counsel for the Committee.

Except for the addition of this new sentence, the other provisions of paragraph 4 of the Engagement Letter shall continue in full force and effect.