Date signed August 17, 2009



```
_____
DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE
```

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| TMST, INC. | * | Case No. | 09-17787DK |
| | * | Chapter | 11 |
| | * | | |
| | * | | |
| Debtors | * | | |

## MEMORANDUM DENYING EMERGENCY MOTION
## FOR ORDER APPROVING TERMINATION
## OF SALE PROCESS

On July 29, 2009, TMST, Inc., formerly known as Thornburg Mortgage, Inc., and certain related entities (the "Debtors") including ADFITECH, Inc. ("Adfitech") filed a document entitled: "Emergency Motion for Entry of Order Approving Termination of Sale Prospect with Respect to Adfitech" (the "Motion"). The Motion was accompanied by the filing of a Motion to Shorten Time to Respond to the Motion. The court granted in part the request to shorten time and set a hearing upon the Motion for August 12, 2009. On August 10, 2009 the United States Trustee filed an opposition to the Motion. On the morning of August 12, 2009, the Debtors transmitted to the court an amended form of stipulation (by and between the Debtors and the Official Committee of Unsecured Creditors (the "Committee") and [proposed] order (one document which is hereinafter referred to as the "Amended Stipulation") with revised terms thus in effect amending the Motion as to the relief sought.

The hearing upon the Motion was held on August 12, 2009. For the reasons set forth on the record at the conclusion of the hearing, and as summarized in this memorandum, the court determined that the Motion should be denied.

As succinctly stated by counsel for the United States Trustee in oral argument at the hearing, the Motion requests the court to approve by order three agreements by and between the Committee and the Debtors. If signed as an order by the court, the first enumerated paragraph of the Amended Stipulation would order: "The debtors are hereby authorized to terminate immediately the ongoing Adfitech sale process."

Shortly after these five related chapter 11 bankruptcy cases were filed,[1] the Debtors filed numerous first day motions before the court including an application to employ Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey") as an investment banker. As set forth in an affidavit in support of the first day motions, Clarence G. Simmons, III, Chief Financial Officer of Thornburg Mortgage, Inc., testified that as to debtor Adfitech, Inc., the Debtors sought to retain Houlihan Lokey for purposes of effectuating a sale of Adfitech as a separate going concern. Houlihan Lokey had begun the process of marketing Adfitech for sale. An opposition to the application was filed but subsequently on June 5, 2009, the court was presented with, and entered a consent order resolving the opposition and granting approval of the request to retain Houlihan Lokey for the purposes described in the Simmons Affidavit.

No plan has been filed in these related cases and no motion has been filed, nor order entered as to any sale or approval of a process for bidding for Adfitech.

As recited in the Motion, the Committee communicated to the Debtors a request that instead of further efforts to obtain a buyer for Adfitech, the Debtors should formulate and propose a plan of reorganization for Adfitech. The Amended Stipulation contains the agreement by the Debtors to

---

[1] On May 6, 2009, this court entered an Order approving joint administration of the five cases under lead case no. 09-17787.

this request by the Committee. The first enumerated paragraph of that document seeks court approval of this decision as to the direction which the Debtors will take in formulating an outcome of the bankruptcy case of Adfitech.

The objection by the United States Trustee as argued at the hearing of August 12, 2009, as to this first request is that it seeks an advisory opinion from the court on a matter not authorized by the Bankruptcy Code and that there is nothing that the court can approve that is before the court at this time. The court agrees with this argument by the United States Trustee.

In bankruptcy cases court orders are generally entered for either of two purposes. Orders are the means of determining actual disputes (cases and controversies) arising in the bankruptcy case by and between specific parties. Such disputes are referred to as "contested matters" in Federal Rule of Bankruptcy Procedure 9014.[2] In addition, specific sections of the Bankruptcy Code[3] require that the court approve by order a proposed action of a party, such as a trustee or debtor-in-possession, before that party is authorized to take such action, without regard to whether there is a party-in-interest who contests the granting of such authority. In such instance the court is required to independently consider whether the authority should be granted.[4] An example of such a Code provision is found in Section 328(a) which provides that with the court's approval a trustee (including a debtor-in-possession) or an official committee, may employ a professional person.

The court cannot find, and no party has identified to the court, any Section that requires or provides for court approval of a change by a debtor-in-possession in the direction of the sought for outcome of a chapter 11. Instead the Debtors and Committee argued to the court that the court has

---

[2] Hereafter, all references to Rules are to the Federal Rules of Bankruptcy Procedure.

[3] Hereafter, all references to code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code.

[4] *See e.g.,* Matter of Hunt's Health Care, Inc., 161 B.R. 971, 979-80 (Bankr. N.D. Ind. 1993) (even where uncontested, the court has an independent duty to review fee applications).

the authority and should order approval of paragraph 1 of the Amended Stipulation pursuant to Rule 9019(a).[5]  A compromise or settlement as intended by Rule 9019(a) requires that there be an actual dispute over which the court has jurisdiction and which is justiciable and that dispute is to be resolved under the terms of a proposed settlement that involves the estate.  In all most instances, the dispute is evidenced by conflicting pleadings such as a motion and opposition that have framed and brought to the court the disputed matter for decision.  In this case there are no pleadings raising the issue of the Debtors' authority to end their efforts to seek a purchaser of Adfitech,  or disputing the Debtors' authority to instead turn their attention to formulating a plan of reorganization for that entity.

The Committee stated to the court that it had threatened to file a motion seeking the termination of exclusivity.[6]  The threat of the filing of a motion to terminate exclusivity was assertedly made to convince the Debtors to agree with the Committee as to the direction that the Debtors should take in attempting to formulate an outcome for the Adfitech case.  The Debtors and Committee attempt to posture the request for an order  approving paragraph 1 of the Amended Stipulation as a settlement of the threatened motion to terminate exclusivity.

The court finds that there is no actual settlement for which approval is required or available under Rule 9019.  The Amended Stipulation contains no compromise relating to the early termination of the exclusive period.  Moreover, the type of decision reflected in paragraph 1 of the Amended Stipulation is not reflective of a true dispute resolution for which Rule 9019 would

---

[5] Rule 9019(a) provides:
(a) Compromise.
On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

[6] Pursuant to Section 1121(b), the debtor-in-possession has the sole right to propose a plan for the first 120 days of the bankruptcy case.  That time has not yet expired in these cases.

require approval.  In chapter 11 cases, negotiations between interested parties including a debtor and committee are the normal means by which agreements are reached as to mutually agreeable business plans.  The means by which the direction of a case is often formulated and refined is not subject to the parties obtaining an order to approve the type of agreement reflected in the subject paragraph 1 of the Amended Stipulation.  The court specifically finds that the Debtors are authorized to do what paragraph 1 of the Amended Stipulation provides, that is, to decide what type of denouement of this case should be pursued (whether it be pursuing a buyer for Adfitech or a plan of reorganization) without a prior court order.  Of course what is filed by the Debtors as a result of its business decision (plan or sale motion, for example) will require court approval as the Code and Rules provide.

      The sole utility of the requested court order as to paragraph 1 of the Amended Stipulation appears to be an effort to obtain an order that might be used by the parties in defending some possible future assertion by a party in interest that the Debtors did not fulfill their statutory fiduciary duties when the Debtors agreed to pursue a reorganization.  This inference of a possible rationale for the request for an order is supported by the second paragraph of the stipulation as it was attached to the Motion when it was first filed.

      The second paragraph as originally set forth in the first version of the stipulation and requested order stated:

> The Debtors and each of their officers and directors are hereby released from any and all claims with respect to termination of the ongoing Adfitech sale process, including any claims for breach of any duties or other liability with respect thereto.

After the United States Trustee filed an opposition to the Motion, the Amended Stipulation significantly restricted the broad release of the second paragraph as follows:

> The Committee and its members hereby release any and all claims against the Debtors and each of their officers and directors related to termination of the ongoing Adfitech sale process, including any claims for breach of any duties or other liability with respect thereto.

However, no change was made to paragraph 1 which provided for court approval of the change in direction, as discussed above.

Although the court is unaware of any legal impediment to the Committee and its members providing a release to the Debtors and their officers, the court is equally unaware of any requirement or legal basis for court approval of this provision. The court is required and has judicial power to decide cases and controversies that are filed in cases over which this court has jurisdiction and to enter such orders as are necessary to carry out the provisions of the Code.[7] It does not have the power to "bless" the thinking or intended efforts of the Debtors in the absence of a case or controversy or requirement in the Bankruptcy Code for court approval. For these reasons, the Debtors' request that the court approve by order the Amended Stipulation will be denied.

As to the remaining substantive provision of the Amended Stipulation, paragraph 4 of that document would authorize payment to Houlihan Lokey in the amount of $207,740.46 as "full and final payment, in addition to the Initial Fee, Monthly Fees and expenses previously paid" with respect to its services in connection with the sale process. As the court explained on the record, the court will not approve fees and expenses until Hopulihan Lokey has filed an application for approval of such fees and expenses in compliance with Section 328, Rule 2016(a) and Local Rule 2016-1(a). The Engagement Letter attached to the Application to Employ, as amended and the terms of the consent order authorizing the employment of Houlihan Lokey provide that all compensation to Houlihan Lokey is subject to court approval and the above cited Code and Rule provisions provide requirements for such approval.

For the reason stated herein and on the record, the court will deny the Motion by a separate order to be entered contemporaneously herewith.

---

[7] 11 U.S.C. § 105(a). *See, e.g., Tidewater Finance Co. v. Williams*, 498 F.3d 249 (4th Cir. 2007).

cc: Counsel for Debtors
United States Trustee
Counsel for the Creditors Committee
All persons requesting all notices

**End of Order**