**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| | | Chapter 11 |
| **TMST, Inc.** | * | |
| **f/k/a Thornburg Mortgage, Inc.,** *et al.*, | | Case Nos. 09-17787-DWK |
| | * | |
| Debtors. | | (Jointly Administered) |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE**
**OF CONTROVERSY BETWEEN THE TRUSTEE AND BARCLAYS CAPITAL INC.**

Joel I. Sher, Chapter 11 Trustee (the "Trustee") for TMST, Inc. f/k/a Thornburg

Mortgage, Inc. ("TMST"), TMST Home Loans, Inc. f/k/a Thornburg Mortgage Home Loans,

Inc. ("TMHL"), TMST Acquisition Subsidiary, Inc. f/k/a Thornburg Acquisition Subsidiary, Inc.

("TAS"), and TMST Hedging Strategies, Inc. f/k/a Thornburg Mortgage Hedging Strategies, Inc.

("TMHS") (collectively, the "Debtors"), pursuant to Fed. R. Bankr. P. 9019, respectfully submits

this Motion for Approval of Settlement and Compromise of Controversy by and between the

Trustee and Barclays Capital Inc. ("Barclays") (collectively, the "Parties") (the "Motion"). In

support of this Motion, the Trustee states as follows:

**Introduction**

1.      The settlement described in this Motion and set forth in the Settlement Agreement

resolves the Trustee's claims against Barclays relating to one or more repurchase transactions

entered into between Barclays and TMST in 2007, and margin calls and the liquidation of

collateral in respect of such transactions.  The Trustee requests approval of the settlement as

more fully discussed herein.

**Jurisdiction and Venue**

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157.   Venue in the District of Maryland is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested herein is Fed. R. Bankr. P. 9019.

**Background**

4.      On May 1, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The cases are jointly administered pursuant to the Court's Orders of May 6 and November 2, 2009 [Dkt. Nos. 54 and 516, respectively].   On October 23, 2009, the Court entered an Order Requiring Appointment of Chapter 11 Trustee [Dkt. No. 490].  On October 28, 2009, on application of the U.S. Trustee, the Court entered an Order Approving Appointment of Joel I. Sher as Chapter 11 Trustee for the Debtors [Dkt. No. 506].

5.      On April 22, 2011, the Court entered an Order Approving Chapter 11 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Susman Godfrey as Special Litigation Counsel to the Trustee [Dkt. No. 1316].  Pursuant to the Retention Agreement attached to the aforesaid Order, the Court approved the retention of Susman Godfrey to represent the Trustee on a contingency fee basis in connection with all claims the Trustee has "against [Barclays] for damages arising out of or related to Barclays declaration of a default in August 2007 and its liquidation of securities subject to a repurchase agreement with on[e] or more of the Thornburg Entities." [1]

---

[1]  The Trustee is simultaneously filing an Application for approval of Susman Godfrey's compensation as Special Counsel to the Trustee in accordance with the Court's order of April 22, 2011.

6.      On April 28, 2011, the Trustee filed a Complaint for Damages (the "Complaint") against Barclays in this Court, asserting certain claims relating to one or more repurchase (or "repo") transactions entered into between Barclays and TMST in August 2007, and margin calls and the liquidation of collateral in respect of such transactions (Adv. Proc. No. 11-00329).

7.      On August 1, 2011, the United States District Court for the District of Maryland (the "District Court") granted Barclays' motion to withdraw the reference to this Court (Civ. No. Case No. ELH-11-01982; the "District Court Action").

8.      On September 7, 2011, in connection with the Motion of Barclays to Dismiss Plaintiff's Complaint, the District Court denied Barclays' Motion to Dismiss as to Count I of the Complaint and granted Barclays' Motion to Dismiss as to Count II of the Complaint, explaining in the Memorandum Opinion that, consistent with New York law, the claims in Count II are subsumed within the claim for breach of contract in Count I.

9.      On October 10, 2011, Barclays filed its Answer to Trustee's Complaint for Damages, generally denying all allegations made by the Trustee and any liability for any claims asserted in the Complaint as well as asserting certain affirmative defenses.

10.     Thereafter and pursuant to the Scheduling Order (and a series of amendments thereto) entered in the District Court Action, the Parties conducted full and expansive fact and expert discovery beginning on or about November 9, 2011, and concluding on or about November 20, 2013.   In addition, the Parties litigated several discovery disputes before Magistrate Judge Timothy J. Sullivan.  With respect to discovery, the Parties produced hundreds of thousands of pages of documents in response to the Parties' respective document requests, conducted twenty-one (21) fact depositions, exchanged detailed and lengthy expert reports, and conducted four (4) expert depositions.

11.    On November 12, 2013, the Parties, in good faith, participated in a mediation session before Magistrate Judge Susan K. Gauvey.  The mediation session did not result in a settlement.

12.    After the conclusion of fact and expert discovery, on December 4, 2013, Barclays filed a Motion for Summary Judgment seeking summary judgment in its favor on all claims in the Complaint.  Thereafter, on December 23, 2013, the Trustee filed his Opposition to Barclays' Motion for Summary Judgment and Cross Motion for Partial Summary Judgment.  The Parties' summary judgment submissions and arguments were detailed and presented numerous complex issues to the District Court.

13.    On July 11, 2014, the District Court held a comprehensive hearing on the Parties' summary judgment submissions.  On August 1, 2014, the District Court issued a forty (40) page Memorandum Opinion and Order denying in total the Parties' respective summary judgment motions.  In the Memorandum Opinion, the District Court noted that the Parties' summary judgment submissions were "thorough and comprehensive, and the parties' arguments were well presented."  [ELH-11-01982, Dkt. No. 140 at 3, n.5].

14.    The District Court set the District Court Action for jury trial beginning September 8, 2014.  As proscribed by applicable deadlines, on August 4, 2014, the Parties submitted their respective motions in limine.

15.    Following the District Court's denial of the Parties' summary judgment motions, the Parties engaged in negotiations in an attempt to reach a resolution prior to incurring additional and significant legal expenses and costs with respect to pre-trial briefing, pre-trial preparation, and the jury trial itself. The Parties reached an agreed upon settlement of the matter and have notified the District Court of the settlement.

16.    The Trustee believes, in the exercise of his business judgment, that the settlement reached between the Parties is fair and equitable and in the best interests of the bankruptcy estates.

## Summary of the Trustee's Allegations

17.    In the Complaint, the Trustee asserted certain claims against Barclays relating to one or more repo transactions entered into between Barclays and TMST in August 2007, and margin calls and the liquidation of certain collateral in respect of such transactions. The Trustee alleged that Barclays breached the Master Repurchase Agreement and the covenants of good faith and fair dealing implied therein.

18.    In its Answer to the Complaint, Barclays denied all liability and asserted various affirmative defenses to the relief sought in the Complaint.

## The Proposed Settlement

19.    Subject to the terms and conditions of the Settlement Agreement, Barclays has agreed to pay the Trustee Twenty-Three Million Dollars ($23,000,000.00) in full and final satisfaction of any and all claims, demands, obligations, liabilities, and causes of action of whatsoever kind and nature asserted in, which could have been asserted in, arising out of or related to the allegations set forth in the Complaint and/or the District Court Action, including, but not limited to, claims arising out of or related to any repo transactions entered into between Barclays or any of its affiliates and any of the Debtor Releasing Parties (as defined in the Settlement Agreement), margin calls in respect of such transactions, and the liquidation of collateral posted by the Debtor Releasing Parties in respect of such transactions.

20.    The terms of the agreement, subject to the approval of this Court, are set forth in the Settlement Agreement attached hereto as Exhibit A and are incorporated herein by reference.

21.    Certain of the key terms of the Settlement Agreement are as follows[2]:

a.   Subject to the terms and conditions of the Settlement Agreement, Barclays will pay to the Trustee Twenty-Three Million Dollars ($23,000,000.00) (the "Payment") for the benefit of the Debtors' estates;

b.   Each Party shall bear its own legal fees, costs, and expenses;

c.   Within three (3) business days after receipt of the Payment by the Trustee, the Trustee shall file with the District Court a stipulation of dismissal of the District Court Action with prejudice, in the form attached as Exhibit A to the Settlement Agreement;

d.   Upon the Trustee's receipt of the Payment, the Trustee, for himself, the Debtors and their estates and their successors and predecessors-in-interest, and their respective subsidiaries, affiliates, heirs, agents, members, partners, stockholders, creditors, officers, directors, employees, legal counsel, accountants, representatives, and assigns (with the Trustee, the "Debtor Releasing Parties"), hereby releases and forever waives any and all claims, demands, obligations, liabilities, and causes of action of whatsoever kind and nature, whether known or unknown, under any federal law or the law of any state, city, province, locality, county or commonwealth, which the Debtor Releasing Parties ever had, now have, or may have in the future against Barclays, its former, present, and future parents, subsidiaries and affiliates, and/or any of its successors and predecessors-in-interest, and their respective subsidiaries, affiliates, agents, members, partners, officers, directors, employees, legal counsel, agents, subsidiaries, affiliates, predecessors, successors, accountants, representatives, insurers, and assigns (all in their respective capacities as such with respect to Barclays and in no other capacity) (collectively, the "Barclays Released Parties") asserted in, which could have been asserted in, or arising out of or related to the allegations set forth in the Complaint and/or the District Court Action, including, but not limited to, claims arising out of or related to any repo transactions entered into between Barclays or any of its affiliates or subsidiaries and any of the Debtor Releasing Parties, margin calls in respect of such transactions, and the liquidation of collateral posted by the Debtor Releasing Parties in respect of such transactions (the "Debtor Released Claims"); provided, however, that Barclays is not released from its obligations under this Settlement Agreement. The Trustee also covenants and agrees that the Debtor Releasing Parties will not, now or in the future, bring, file or cause to be brought any action, proceeding, or dispute asserting the Debtor Released Claims against the Barclays Released Parties in any court or venue, in any jurisdiction, including in any arbitration; and

---

[2]  To the extent of any inconsistency between the terms of the Settlement Agreement set forth herein and the Settlement Agreement, the actual terms set forth in the Settlement Agreement shall control.

e. Upon the Trustee's receipt of the Payment, Barclays, for itself, its successors and predecessors-in-interest, and their respective subsidiaries, affiliates, heirs, agents, members, partners, officers, directors, employees, legal counsel, agents, subsidiaries, affiliates, predecessors, successors, accountants, representatives, insurers, and assigns, to the extent Barclays is legally authorized to release claims on behalf of each of them (all in their respective capacities as such with respect to Barclays and in no other capacity) (the "Barclays Releasing Parties"), hereby releases and forever waives any and all claims, demands, obligations, liabilities, and causes of action of whatsoever kind and nature, whether known or unknown, under any federal law or the law of any state, city, province, locality, county or commonwealth, which the Barclays Releasing Parties ever had, now have or may have in the future against the Trustee, the Debtors or their estates, and/or any of their respective successors and predecessors-in-interest, subsidiaries, affiliates, agents, members, officers, directors, employees, legal counsel, accountants, representatives, and assigns (all in their respective capacities as such with respect to the Trustee and the Debtors and in no other capacity) (collectively, the "Debtor Released Parties") asserted in, which could have been asserted in, or arising out of or related to the allegations set forth in the Complaint and/or the District Court Action, including, but not limited to, claims arising out of or related to any repo transactions entered into between Barclays or any of its affiliates or subsidiaries and any of the Debtor Released Parties, margin calls in respect of such transactions, and the liquidation of collateral posted by the Debtor Released Parties in respect of such transactions (the "Barclays Released Claims"); provided, however, that the Trustee and the Debtors are not released from their obligations under this Settlement Agreement. Barclays also covenants and agrees that the Barclays Releasing Parties will not, now or in the future, bring, file or cause to be brought any action, proceeding, proof of claim, or dispute asserting the Barclays Released Claims against the Debtor Released Parties in any court or venue in any jurisdiction, including in any arbitration.

### Legal Standard and Benefit to the Estates

22. Pursuant to Bankruptcy Rule 9019, courts may approve a compromise or settlement after notice and a hearing. In *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149 (D. Md. 2001), the United States District Court for the District of Maryland set forth the factors for a court to consider in approving a settlement. These factors include:

(a) the probability of success in litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c)     the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and

(d)     the paramount interest of the creditors and a proper deference to their reasonable views.

The district court further explained that a court may approve a settlement even over objection unless the proposed settlement falls below the "lowest point in the range of reasonableness." *Id.* at 150; *see also In re Bowman,* 181 B.R. 836, 846 (Bankr. D. Md. 1995).

23.     Ultimately, when considering the above factors and principles, "the essential inquiry which this Court must make . . . is to determine whether the compromise reached by the parties is 'fair and equitable' and in the best interests of the estate." *Rahman*, 269 B.R. at 150; *see also Nussbaum v. United States* (*In re Smith*), 210 B.R. 689, 692 (Bankr. D. Md. 1997). Thus, "[o]bjection [to a proposed settlement] is not fatal to such a settlement if '[it] is found to be in the best interests of the estate as a whole.'" *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) (quoting *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1138 (8th Cir. 1984)). Finally, in determining whether the proposed compromise is in the best interest of the estate, "[i]t is well established that a bankruptcy court's approval of a settlement . . . is within its sound discretion." *Id.*

24.     The Settlement Agreement resolves a complex dispute between the Trustee and Barclays involving significant issues of fact and law regarding, among other things, contract interpretation, the valuation of mortgage-backed securities, and the calculation of certain derivative transactions. The Parties agreed to the Settlement Agreement prior to incurrence of further litigation costs and attorneys' fees in connection with, *inter alia*, drafting pre-trial briefs, performing trial preparation, conducting the jury trial on the merits, and/or pursuing any post-trial relief. In addition to reducing further legal costs, the Settlement Agreement eliminates the

risk inherent in complicated commercial disputes and provides for a cash influx into the bankruptcy estates. The Trustee believes that the amount to be paid by Barclays is within the range of reasonableness in light of the specific facts surrounding the claims, the defenses raised by Barclays, and the documents produced by the Parties in discovery.

25.     Accordingly, the Trustee believes, in the exercise of his sound business judgment, after carefully reviewing the facts, the documents produced in the District Court Action, and legal principles relating to the claims and conducting negotiations with Barclays, that the proposed Settlement Agreement is in the best interest of the Debtors' estates, eliminates all risks of complex litigation, jury trial, and post-trial appeal or relief, reduces the incurrence of legal expenses going forward, and provides a significant cash influx into the Debtors' estates.

## Conclusion

26.     For the foregoing reasons, the Trustee asserts that the Motion should be approved pursuant to Fed. R. Bankr. P. 9019.

**WHEREFORE**, for the foregoing reasons, Joel I. Sher, Trustee, respectfully requests the Court enter an order in the form attached hereto:

A)      Approving the Settlement Agreement;

B)      Authorizing the Trustee to consummate the Settlement Agreement;

C)      Authorizing the Trustee to execute any and all documents that he, in his reasonable business judgment, deems are appropriate and required to consummate the Settlement Agreement;

D)      Authorizing the Trustee to receive payment from Barclays in full and final satisfaction of the claims described in the Settlement Agreement;

E)      Authorizing the Trustee, on behalf of the Debtors, to grant the releases contained

in the Settlement Agreement; and

F)      Granting such other and further relief as is just and equitable.

Dated: August 20, 2014                         */s/ Joel I. Sher*
                                               Joel I. Sher, Bar No. 00719
                                               Daniel J. Zeller, Bar No. 28107
                                               Anastasia L. McCusker, Bar No. 29533
                                               SHAPIRO SHER GUINOT & SANDLER
                                               36 South Charles Street, 20th Floor
                                               Baltimore, MD  21201
                                               Phone (410) 385-0202

                                               *Counsel for Joel I. Sher, Chapter 11 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this August 20, 2014, copies of the foregoing were served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

James C. Tecce, Esquire
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue
New York, New York 10010

    -and-

Alan M. Grochal, Esquire
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland  21202
*Counsel to the Official Committee of Unsecured Creditors*

Gerald R. Vetter, Esquire
Hugh Bernstein, Esquire
Edmund Goldberg, Esquire
OFFICE OF THE UNITED STATES TRUSTEE
101 West Lombard Street, Suite 2625
Baltimore, MD 21201

Richard L. Costella, Esquire
Patricia B. Jefferson, Esquire
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202

    -and-

Lance Croffoot-Suede, Esquire
Brenda D. DiLuigi, Esquire
Sterling P.A. Darling, Jr., Esquire
Linklaters LLP
1345 Avenue of the Americas
New York, New York 10105

    -and-

Michael P. Carroll, Esquire
Benjamin S. Kaminetzky, Esquire
Michael J. Russano, Esquire
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

*Counsel for Barclays Capital Inc.*

Stephen D. Susman, Esquire
Mark L. D. Wawro, Esquire
Stuart V. Kusin, Esquire
Matthew C. Behncke, Esquire
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston TX 77002-5096

*Counsel for Joel I. Sher, Chapter 11 Trustee*

*/s/ Anastasia L. McCusker*
Anastasia L. McCusker